In the Matter of the Judicial Settlement of the Accounts of SAMUEL SHEMIN, Executor, etc., of BESSIE HALPERN, Deceased. SAMUEL SHEMIN, Appellant; DAVID BRILL, Respondent.— The executor, Shemin, was appointed in March, 1926, at which time an inventory was filed showing personal property amounting to $12,642.10. The debts of the decedent were small as compared to the amount of the estate. Only $660 had been paid to legatees instead of a much larger sum which was bequeathed in the will, and it is now claimed by the executor that the estate is insolvent. No accounting was given by the executor until a petition for a compulsory accounting was filed in December, 1932. Objections to the account were filed by the respondent, who is a legatee to the extent of $2,000. After various adjournments the trial of the objections was concluded in July, 1934. The estate sustained losses by reason of the failure of the executor to collect substantial credits due to the estate. No reason is shown why the estate was not settled prior to the time of depression, nor why the executor did not account at an earlier time. No legal ground is shown to excuse the failure of the executor to collect the assets. The surrogate surcharged the executor's account for failure to collect a note due to the estate in the amount of $3,500, with interest. The surrogate also sustained an objection to the conduct of the executor. There was ample evidence to sustain the finding and decree of the surrogate. The decree of the surrogate of the county of Delaware made October 22, 1934, is unanimously affirmed, with costs against the executor personally. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.